UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In the Matter of the Application of CLICK CONSULT LIMITED, Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery from Amazon Web Services for Use in a Foreign Proceeding

No.

CLICK CONSULT LIMITED'S APPLICATION FOR DISCOVERY IN AID OF FOREIGN LITIGATION PURSUANT TO 28 U.S.C. § 1782

Petitioner Click Consult Limited ("Click"), a United Kingdom company, through its attorneys, makes this application for an order pursuant to 28 U.S.C. § 1782 to obtain limited discovery from Amazon Web Services, Inc. ("Amazon"), a Delaware Corporation headquartered in Seattle, Washington,[1] for use in foreign litigation.

As detailed in this application, and supporting declarations, Click, and its chairman Matthew Bullas, are victims of defamation and harassment by unknown person(s) via electronic mail. Click seeks to bring claims against this unknown person, the author of certain defamatory electronic mail, for harassment and defamation in the United Kingdom. The defamatory email in question was sent via an Amazon internet service. It is Click's position that information and documentation in the possession of Amazon will reveal, or alternatively contribute to the revelation of, the identity of the

[1] Decl. Lasky, Ex. A.

OLES MORRISON RINKER & BAKER, LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

individual who subscribed to the Amazon internet service that was used to send the defamatory email, and thereby allow Click to proceed with claims against that person in anticipated foreign litigation. Click seeks targeted discovery of this information through this Section 1782 application. Absent the information and/or documentation from Amazon, Click will be unable to identify the intended defendant and take action against him/her, including action to stop future conduct.

This Court has jurisdiction over this application pursuant to 28 U.S.C. § 1331 because this action arises under Federal law; specifically 28 U.S.C. § 1782.

## I. FACTS

### A. Click Consult Limited

Petitioner Click is Private Limited Company under the laws of the United Kingdom, headquartered in Cheshire, England.[2]

Since November 2012, Click, and its chairman Matthew Bullas, have been in dispute with certain former employees, a director and a shareholder. The dispute revolves around an irreconcilable breakdown of relations between those individuals. Click has also been in dispute with one of its former clients. Such disputes have led to Click becoming embroiled in ancillary disputes with some of those individuals and also their relations. As a result of the disputes, Click has become the targets of a sustained campaign of harassing telephone calls and emails. In addition, Click has been defamed in written communications published to a number of third parties which amounts to libelous conduct. The latest episode in this campaign of harassment was received by way of email dated April 26, 2013.[3]

### B. The Email Forming the Basis for Click's Claims for Defamation and Harassment Against Unknown Persons

---

[2] Decl. Whalley ¶ 3.
[3] Decl. Whalley, Ex. A at ¶ 5.

OLES MORRISON RINKER & BAKER, LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

On April 26, 2013, an unknown person(s) sent an email to the majority of Click's employees that defamed, breached the confidence of, and harassed Click and its employees (hereinafter referred to as the "Email").[4] The content and nature of the Email is defamatory, amounts to harassment, is abusive and is threatening to Click and its chairman. The Email contains harmful allegations pertaining to Click which make reference to its internal practices, and it contains harmful allegations pertaining to the personal character and personal relationships of Click's chairman. The allegations are, amongst other things, extremely harmful, without justification and are defamatory in nature. The Email is a flagrant breach of Click's confidence and amounts to harassment. The Email contains a number of statements which threaten and defame Click's employees and business, and amount to harassment. The Email adds to an ongoing campaign of harassment that has been leveled against Click and its chairman.[5]

With regard to Click, the Email states, *inter alia*, as follows:

- Click and its business is in a "serious mess… and in litigation… with an awful lot of unhappy clients…";
- Click is in dispute with hundreds of customers "with regards to contracts and how they have mis-sold them";
- Click outsources certain elements of its business overseas, despite holding out to its employees and clients that such business is conducted in house; and
- Click is "purely a scam…and … clients will loose there money…."[6]

With regard to Click's chairman, the Email states, *inter alia*, that:

- Mr. Bullas is "a scam artist";
- Mr. Bullas has committed infidelity; and
- Mr. Bullas "gets money from his client and then does not deliver…."[7]

---

[4] Decl. Whalley, Ex. A at ¶¶ 5-8.
[5] Decl. Whalley, Ex. A at ¶¶ 5-8, 31.
[6] Decl. Whalley, Ex. A at ¶ 32.

OLES MORRISON RINKER & BAKER, LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

The above statements made in the Email regarding Click and its chairman are untrue and unjustified. The Email is defamatory in nature and is extremely damaging to the reputations of Click and its chairman. It is improper for the author of the Email to make such damning comments without any evidence.[8]

The Email also amounts to harassment and Click (and its chairman) are entitled to pursue a claim against the author of the Email (the "Intended Defendant") under the Protection from Harassment Act 1997 of the United Kingdom, on the basis that the author of the Email is pursuing a course of conduct which amounts to harassment of another and which he or she ought to know amounts to harassment of the other, contrary to section 1 of that Act. Click (and its chairman) are also entitled to pursue a claim against the author of the Email under the Defamation Act 2013 of the United Kingdom.[9]

**C. Click Seeks to Identify the Author of the Email – the Intended Defendant.**

The nature of the allegations within the Email suggest that the author has inside knowledge of Click and may know Click's chairman personally. Based on the content of the Email, Click has reason to believe that the author of the Email is a former employee, director or shareholder of Click, and/or a former and/or a relation to such an individual, and/or a disgruntled client of Click.[10]

Click instructed its United Kingdom counsel, DWF LLP, to investigate the Email and the issues surrounding its content.[11] DWF discovered that the Email was sent using internet services provided by Amazon (the Email, whilst superficially sent from a Google Gmail account, emanates from a source located within Amazon's EC2 facility).

---

[7] Decl. Whalley, Ex. A at ¶ 35.
[8] Decl. Whalley, Ex. A at ¶¶ 33-34, 36
[9] Decl. Whalley, Ex. A at ¶ 37.
[10] Decl. Whalley, Ex. A at ¶ 8.
[11] Decl. Whalley, Ex. A at ¶ 27.

OLES MORRISON RINKER & BAKER, LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

The IP number used to send the Email (IP number *ec2-184-73-182-153.compute-1.Amazonaws.com*) is one that belongs to Amazon's EC2 servers.[12]

It is Click's understanding that an Amazon EC2 customer pays for an Amazon Elastic Compute Cloud (EC2), which is located in the central part of Amazon's cloud computing platform, Amazon Web Services. EC2 allows users to rent virtual computers on which to run their own computer applications, such as the Google Gmail account from which the Email was sent. EC2 allows a user to create a virtual machine called an "Instance" which contains any software desired. A user can create, launch, and terminate Instances as needed, paying by the hour for active servers.[13]

After making this discovery, in an attempt to identify the author of the email, DWF engaged in correspondence with Amazon to explain the background in relation to the Email and set out Click's belief that the Amazon EC2 server had been used to send the Email; to request personal data and/or information relating to the method of payment used to purchase and/or rent the Amazon EC2 Instance which relates to "EC.184-73-182-153.Compute-1.AmazonAWS.com"; and request any IP address information which relates to the access to that Instance at the times included within the Email.[14]

On May 23, 2013, DWF was contacted by Julius Chen, Esq., in-house counsel for Amazon. On May 24, 2013, DWF spoke to Mr. Chen and informed Amazon of the discovery it sought, and of its intent to seek a *Norwich Pharmacal* Order from the English High Court (discussed further below) to order discovery, and provided Amazon with a draft of the proposed discovery order.[15] During that conversation, Mr. Chen confirmed to DWF that Amazon had no issue with the terms of the draft Order. He further confirmed that Amazon would be able to provide customer details (name and

---

[12] Decl. Whalley, Ex. A at ¶ 27.
[13] Decl. Whalley, Ex. A at ¶ 49.
[14] Decl. Whalley, Ex. A at ¶ 50.
[15] Decl. Whalley ¶ 5.

OLES MORRISON RINKER & BAKER, LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

address), but not the bank account details for a specific customer if served with an Order from the English High Court. He also confirmed that Amazon had identified that the sender of the Email was a customer of Amazon's customer.[16]

For the avoidance of doubt, Click does not suggest that Amazon is guilty of any wrongdoing in relation to the Email, and Click does not intend to pursue any claims against Amazon in relation to the Email.[17] It is Click's position that the information and documentation in Amazon's possession will reveal, or alternatively contribute to the revelation of, the identity of the individual who subscribed for the Amazon internet service which was used to send the Email.[18] The Amazon EC2 Instance rental transaction contains important information which will assist in identifying the author of the Email. Without the information and/or documentation from Amazon, Click will be unable to identify the author(s) of the Email and take action against him/her, including action to stop future conduct. Click reasonably believes that the information and documentation that it seeks from Amazon will lead to the identification of the author of the Email. This information will allow the Click to take action against the author and to stop further communications of this nature.[19]

### D. Click Obtains a *Norwich Pharmacal* Order from the English High Court

As a result of Amazon's refusal to produce the requested information absent a court order, Click applied to the English High Court for a *Norwich Pharmacal* Order against Amazon for disclosure of information relating to the identity of the Email's author.[20] Under English law, such an order allows the discovery of documents and

[16] Decl. Whalley ¶ 5.
[17] Decl. Whalley ¶ 7.
[18] Decl. Whalley ¶ 8.
[19] Decl. Whalley ¶ 8.
[20] Decl. Whalley ¶ 9.

OLES MORRISON RINKER & BAKER, LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

information from a third party, without the need to actually file an action against the person from whom the discovery is sought.[21]

On June 27, 2013, the High Court issued the *Norwich Pharmacal* Order sought by Click, compelling Amazon to provide the following information to Click's counsel:

(a) any information relating to the identity of the person(s) responsible for the rental of the Amazon EC2 Instance which relates to EC2 IP number ec2-184-73-182-153.compute-1.amazonaws.com including all financial information used by the person(s) to pay for the Amazon EC2 Instance;

(b) the available European Union IP address content information used by the person(s) who accessed the Amazon EC2 Instance which relates to ec2-184-73-182-153.compute-1.amazonaws.com, from time to time, including but not limited to the access at 01:30:29 PDT/09.30.29 BST on Friday 26 April 2013; and

(c) any data/information which relates to the accessing of the above named EC2 Instance at 01:30:29 PDT/09.30.29 BST on Friday 26 April 2013.[22]

The *Norwich Pharmacal* Order further provided Click and its chairman permission to use the above information provided by Amazon in any: "(a) subsequent civil proceedings for any one or more of the following causes of action, namely (1) making defamatory statements about [Click and/or its chairman]; (2) breaching confidence of [Click and/or its chairman]; (3) harassing employees of [Click and/or its chairman]; and/or (b) criminal proceedings commenced in England or Wales."[23]

### E. Amazon Refuses to Comply with the *Norwich Pharmacal* Order

---

[21] Decl. Whalley ¶ 6. *Norwich Pharmacal* orders are sought when a wronged party needs information from a third party who can identify an otherwise unknown wrongdoer. An order is proper when: (1) there is a reasonable basis to allege that a wrong has actually been committed; (2) the disclosure of documents or information from the third party is needed to enable action against the wrongdoer; (3) the respondent is not a mere witness, but is sufficiently involved in the wrongdoing as to have facilitated it, even if innocently, so they are in a position to provide the information; and (4) the order is necessary in the interests of justice on the facts of the case. Decl. Whalley ¶ 6.

[22] Decl. Whalley, Ex. B at p. 3.

[23] Decl. Whalley, Ex. B at p. 3.

OLES MORRISON RINKER & BAKER, LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

After receiving a copy of the *Norwich Pharmacal* Order, Amazon's counsel informed DWF that Amazon would not provide any information or documents in response to the *Norwich Pharmacal* Order. Amazon further informed DWF that it would only provide the requested information and documents in response to a court order from a United States jurisdiction.[24]

On August 2, 2013, Click's United States counsel, Oles Morrison, contacted Amazon's counsel to discuss whether Amazon would comply with the *Norwich Pharmacal* Order, and if not whether it would object to Click seeking a similar order from an United States court. Amazon refused to comply with the *Norwich Pharmacal* Order, but stated that it would not object to Click seeking a similar order from an United States court.[25]

## II. ARGUMENT

### A. Legal Standard

Under 28 U.S.C. § 1782, a district court may order a person residing or found within its district to produce documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-47 (2004).

Section 1782 provides in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal .... The order may be made ... upon the application of any interested person and may direct that the testimony or statement may be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

[24] Decl. Whalley ¶ 11.
[25] Decl. Lasky ¶ 3.

OLES MORRISON RINKER & BAKER, LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

The district court may grant the request for judicial assistance if four statutory requirements are met: (1) The "application must request 'testimony or statement' or request the production of a 'document or other thing.'" (2) The "person subject to the request must reside in the district of the district court where the application is pending." (3) The "evidence must be 'for use in a proceeding in a foreign or international tribunal.'" And, (4) the request "must be made 'by a foreign or international tribunal,' or by 'any interested party.'" *Pott v. Icicle Seafoods, Inc.*, --- F.Supp.2d ---, 2013 WL 1855771, *2 (W.D. Wash. Apr. 30, 2013) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 252 (2004)). If the four requirements are met, the court has discretion to grant the application.

In *Intel*, the Supreme Court set forth several non-exclusive factors to aid district courts in determining how to exercise their discretion in granting section 1782 applications. These factors include: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and whether the discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65; *see also Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002).

Click's Section 1782 application is the appropriate vehicle for seeking the proposed discovery from Amazon.

1. <u>Click Has Met the Statutory Requirements of Section 1782</u>

Click's request for discovery meets each of the four statutory requirements of Section 1782.

OLES MORRISON RINKER & BAKER, LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

Click's application requests the production of a "document or other thing," thereby satisfying the first statutory factor.

The second statutory factor is satisfied because the person from whom discovery is sought, Amazon, "resides or is found" in this District because its principal place of business is located within this district at 410 Terry Avenue N., Seattle, WA 98103.[26]

The third statutory factor – the "evidence must be 'for use in a proceeding in a foreign or international tribunal'" – is also satisfied. To be clear, the foreign proceeding need not be pending at the time of the Section 1782 application for this statutory factor to be satisfied. Instead, the "adjudicative proceedings relating to requested § 1782 relief need only 'be within reasonable contemplation,' not 'pending' or 'imminent.'" *In re Braga*, 272 F.R.D. 621, 626 n.5 (S.D. Fla. 2011) (citing *Intel*, 542 U.S. at 259); *In re Wilhelm*, 470 F.Supp.2d 409, 411 (S.D.N.Y.2007); *In re Letter Request from the Crown Prosecution Service of the United Kingdom*, 683 F.Supp. 841, 843-44 (D.D.C.1988). Here, the discovery of information regarding the subject Amazon IP address is sought for the purpose of establishing, at a minimum, the identity of the person(s) who have defamed and harassed Click and its chairman, so as to permit Click (and/or its chairman) to initiate claims against the defamer/harasser in an adjudicative proceeding before an English court.[27] Accordingly, the discovery sought in this Section 1782 application is for use in a reasonably contemplated adjudicative proceeding before a foreign tribunal.[28] Thus, the third statutory factor is satisfied.

Fourth, Click qualifies as an "interested party," as it would be the plaintiff in the reasonably contemplated adjudicative proceeding before a foreign tribunal noted above.[29] *See Intel*, 542 U.S. at 256 ("No doubt litigants are included among ... the

[26] Decl. Lasky, Ex. A; Decl. Whalley, Ex. A at Exhibit MDB7 p.3.
[27] Decl. Whalley ¶ 12.
[28] Decl. Whalley ¶ 12.
[29] Decl. Whalley ¶ 12.

OLES MORRISON RINKER & BAKER, LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

'interested person[s]' who may invoke § 1782"). Accordingly, Click has satisfied the four statutory requirements for an application under 28 U.S.C. § 1782.

2. The Supreme Court's *Intel* Factors Strongly Favor Granting Click's Application

In addition to meeting the statutory requirements under Section 1782, the *Intel* factors identified by the Supreme Court also weigh heavily in favor of the Court exercising its discretion to grant Click's request for discovery.

The first *Intel* factor weighs in favor of granting Click's Section 1782 application, as Amazon is not a party to the contemplated foreign action against the unknown defendants for defamation and harassment.[30] *See Pott*, 2013 WL 1855771, *3 (factor favors granting Section 1782 application if party from whom discovery is sought is not a party to the foreign action).[31]

The second factor articulated by the Intel Court "take[s] into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "[O]nly upon authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782 should a district court refrain from granting the assistance offered by the act." *See In re Esses*, 101 F.3d 873, 876 (2d Cir. 1996). Here the contemplated foreign litigation would occur in the United Kingdom, a fellow common law jurisdiction. There is no reason to believe the United Kingdom court would reject evidence obtained with the aid of Section 1782 in the present action.[32]

---

[30] While Amazon is a party to the *Norwich Pharmacal* Order, Amazon, it will not a party in the civil proceedings to which the sought after materials are relevant. Decl. Whalley ¶ 7.

[31] Section 1782 was enacted to help obtain evidence from non-party witnesses, who "may be outside the foreign tribunal's jurisdictional reach" and whose "evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264. Here, Amazon may be outside of the English court's reach as a non-party located in the United States. *See* Decl. Whalley, Ex. A at Exhibit MDB7 p.3.

[32] Decl. Whalley ¶ 14.

OLES MORRISON RINKER & BAKER, LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

With regard to the third *Intel* factor, Click's Section 1782 application is not an attempt to circumvent foreign proof-gathering restrictions,[33] and thus weighs in favor of granting Click's Section 1782 application. *See Intel*, 542 U.S. at 260-63. The fact that the English court already granted Click's request for a *Norwich Pharmacal* Order encompassing discovery of the information sought herein, establishes that the information Click is requesting is admissible in the contemplated foreign proceeding. In fact, the English order explicitly states that these materials may be used in the subsequent foreign proceeding contemplated by Click.[34]

As to the fourth *Intel* factor, the requests are not "unduly intrusive or burdensome." Click is requesting document discovery that is targeted to one discrete IP number within a short time period. All requests are narrowly tailored to identify any person that used AWS's products to facilitate the harassment, breach of confidence, and defamation of Click and its employees. The universe of responsive documents is thus likely to be reasonably focused and easily searchable, avoiding any undue burden on Amazon.[35]

## III. **CONCLUSION**

Click seeks narrowly tailored discovery for use in a reasonably contemplated foreign proceeding. Because Click's request satisfies the three statutory requirements of 28 U.S.C. § 1782, and because the *Intel* factors all weigh in favor of granting the application, Click respectfully requests that this Court issue an order authorizing the issuance of a subpoena in substantially the same form as Exhibit A to this application.

---

[33] Decl. Whalley ¶ 13.
[34] Decl. Whalley, Ex. B at p. 3.
[35] Decl. Whalley ¶ 15.

OLES MORRISON RINKER & BAKER, LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

DATED this 13th day of September, 2013.

/s/ Adam K. Lasky
Douglas S. Oles, WSBA 9366
Adam K. Lasky, WBSA 40517
OLES MORRISON RINKER & BAKER LLP
701 Pike Street, Suite 1700
Seattle, Washington 98101-3930
Phone: (206) 623-3427
Fax: (206) 682-6234
Email: oles@oles.com
lasky@oles.com

Attorneys for Petitioner Click Consult Limited

4833-8301-6469, v. 4

CLICK CONSULT LIMITED'S APPLICATION FOR DISCOVERY IN AID OF FOREIGN LITIGATION PURSUANT TO 28 U.S.C. § 1782 - 13

OLES MORRISON RINKER & BAKER, LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

# EXHIBIT A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

In the Matter of the Application of Click Consult Limited
*Plaintiff*
v.

*Defendant*

Civil Action No.

(If the action is pending in another district, state where: )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Amazon Web Services, Inc.
c/o Corporation Service Company (its registered agent)
300 Deschutes Way SW STE 304, Tumwater, WA, 98501

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A hereto.

| Place: Oles Morrison Rinker Baker LLP<br>701 Pike Street, Suite 1700<br>Seattle, Washington 98101 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ____________

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Click Consult Limited, who issues or requests this subpoena, are:

Douglas S. Oles and Adam K. Lasky, 701 Pike Street, Suite 1700 Seattle, Washington 98101
oles@oles.com, lasky@oles.com
(206) 623-3427

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

This subpoena for *(name of individual and title, if any)* ______________________
was received by me on *(date)* __________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________ on *(date)* __________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ __________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: __________

______________________________
*Server's signature*

______________________________
*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT A

## Definitions

"Amazon" shall mean Amazon Web Services, Inc. located in Seattle, Washington, and all predecessors, successors in interest, assignees; and all directors, officers, employees, agents, representatives, and/or partners of the aforementioned entity.

"Click" shall mean Click Consult Limited, located in Hooton, Cheshire, England, and all predecessors, successors in interest, assignees; and all directors, officers, employees, agents, representatives, and/or partners of the aforementioned entity.

"Amazon EC2" shall mean the Amazon Elastic Compute Cloud product provided by Amazon.

"Document(s)" has the broadest definition of document under the Federal Rules of Civil Procedure and the cases interpreting those rules, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all nonidentical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession, custody or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

The words "and," "or" and "and/or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

## Instructions

Amazon is requested to produce Documents in the following categories that are in Amazon's possession, custody or control, in their entirety and without redaction or expurgation. "Possession, custody or control" shall be construed to the fullest extent provided under Federal Rules of Civil Procedure 34 and 45 and shall include those Documents within the United States that Amazon has the ability to demand or to gain access to in the ordinary course of business.

If any Document is withheld based upon a claim of privilege or other protection, provide for each such Document: (1) the date of the Document; (2) the names of all authors; (3) the names of all recipients; (4) the names of all cc and/or bcc recipients; (5) the type of

Document; (6) a description of the Document; (7) an identification of the privilege or protection claimed; and (8) a brief explanation of the basis of your claim of privilege or other protection.

**Documents Requested**

1. Documents sufficient to show any information Amazon has relating to the identity of the person(s) responsible for the rental of the Amazon EC2 Instance which relates to EC2 IP number ec2-184-73-182-153.compute-1.amazonaws.com including all financial information used by the person(s) to pay for the Amazon EC2 Instance.

2. Documents sufficient to show the available European Union IP address content information used by the person(s) who accessed the Amazon EC2 Instance which relates to EC2 IP number ec2-184-73-182-153.compute-1.amazonaws.com, from time to time, including but not limited to the access at 01:30:29 PDT/09:30:29 BST on Friday April 26, 2013.

3. Any and all Documents containing data or information which relates to the accessing of the above named EC2 Instance at 01:30:29 PDT/09:30:29 BST on Friday April 26, 2013.